UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MCLANE COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-853-G |
| | ) |
| CERTAIN UNDERWRITERS AT | ) |
| LLOYD'S, LONDON | ) |
| (PEMBROKE 4000), | ) |
| | ) |
| Defendants. | ) |

## AMENDED ORDER

This Amended Order supersedes the Court's Order of November 7, 2022 (Doc. No. 14).

Now before the Court is the Motion to Compel Arbitration (Doc. No. 7) filed by Defendant Certain Underwriters at Lloyd's, London (Pembroke 4000). Plaintiff McLane Company, Inc. has not responded to the Motion within the time allowed by this Court's local rules. *See* LCvR 7.1(g).

I.   *Background*

On August 29, 2022, Plaintiff filed its operative pleading in state court, alleging disputes had arisen between the parties arising from an insurance policy issued by Defendant to Plaintiff. *See* Pet. (Doc. No. 1-1). Plaintiff identified four causes of action: a request for declaratory judgment of coverage; breach of contract; unjust enrichment; and breach of the duty of good faith and fair dealing. *See id.*

Defendant removed the action to this Court, alleging diversity jurisdiction between Plaintiff, a citizen of Texas, and Defendant, a foreign business entity. *See* Notice of

Removal (Doc. No. 1) at 2 (citing 28 U.S.C. § 1332(a)).  Defendant also alleged the existence of federal-question jurisdiction pursuant to 28 U.S.C. § 1331.  *See id.*

   II.   *Defendant's Motion to Compel Arbitration*

Shortly after removal, Defendant filed its Motion to Compel Arbitration, requesting that the Court stay this action and compel Plaintiff to submit its claims to arbitration pursuant to an arbitration clause included in the relevant insurance policy.  *See* Def.'s Mot. at 3-4.  This clause provides: "Disputes or controversies between [McLane Company, Inc.] and [Underwriters at Lloyd's, London] under this Policy may be settled by binding arbitration at the sole discretion of [Underwriters at Lloyd's, London]."  *Id.* Ex. 1 (Doc. No. 7-1) at 22; Def.'s Mot. Ex. 2 (Doc. No. 7-2) at 22.

Although counsel for Plaintiff has entered an appearance in this Court, Plaintiff elected not to file an objection or other response to Defendant's Motion.  Accordingly, the factual allegations therein are deemed confessed.  *See* LCvR 7.1(g).  In addition, the parties have submitted a proposed Stipulation and Agreed Order to the Court, representing that they agree to a stay of this matter pending the outcome of binding arbitration consistent with their contractual agreement.

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  The Court finds that the relevant policy presents an agreement between the parties to arbitrate certain disputes at the discretion of Defendant.  Further, Plaintiff has offered no refutation to Defendant's claim that the instant dispute falls within the scope of this arbitration agreement.

Based on Defendant's unopposed Motion and the record before the Court, the Court finds that Defendant is entitled to a stay of this case pending Plaintiff's pursuit of its claims in an appropriate arbitral forum.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration (Doc. No. 7) is GRANTED. The Court STAYS this matter and REFERS all claims to arbitration.

Based upon the directive of 9 U.S.C. § 3, this action is stayed pending the completion of arbitration of all claims brought by Plaintiff McLane Company, Inc. against Defendant Certain Underwriters at Lloyd's, London (Pembroke 4000). By separate order, this case shall be administratively closed while the stay remains in effect.

IT IS SO ORDERED this 8th day of November, 2022.

_____
CHARLES B. GOODWIN
United States District Judge